## SETTLEMENT AGREEMENT

## AND

## RELEASE OF CLAIMS

**Feyzullah Kaynaroglu and Ciara Rodriguez, et al.**

**v.**

**Avis Budget Car Rental, LLC**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FEYZULLAH KAYNAROGLU and CIARA RODRIGUEZ, on behalf of themselves and all other similarly situated employees,<br><br>      Plaintiffs,<br><br>   v.<br><br>AVIS BUDGET CAR RENTAL, LLC,<br><br>      Defendant. | Civil Action No. 2:24-cv-06828 |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

The parties to this Settlement Agreement are (1) Avis Budget Car Rental, LLC ("Avis" or "Defendant") and (2) Feyzullah Kaynaroglu and Ciara Rodriguez ("Named Plaintiffs") and all who filed consents to join ("opt-ins") *Kaynaroglu, et al. v. Avis Budget Car Rental, LLC* (the "Litigation"). Collectively, Named Plaintiffs and all who have opted in are called the "Parties Plaintiff." Collectively Parties Plaintiff and Avis are called the "Parties."

## I.    BACKGROUND

Avis and related companies operate car rental facilities in the United States and Puerto Rico. Operations Managers are the first-line supervisors at those facilities. Avis classifies Operations Managers as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA") and similar state wage laws.

Named Plaintiffs are former Operations Managers who allege they were misclassified as exempt employees. On June 7, 2024, Named Plaintiffs filed a complaint in the United States District Court for the District of New Jersey, at Civil Action No. 2:24-cv-06828, in which they alleged they regularly worked over 40 hours a week, were not paid overtime, and primarily performed non-managerial duties. Named Plaintiffs alleged Avis classified Operations Managers as exempt. On that basis, Named Plaintiffs sought overtime compensation under the FLSA over a three-year period, liquidated damages, and attorneys' fees. Named Plaintiffs further contended that common evidence would establish that all Operations Managers perform (or performed) primarily non-exempt duties, rendering the Litigation amenable to a class and collective trial. Named Plaintiffs also asserted Rule 23 class-action claims for Operations Managers in New York and New Jersey for overtime compensation.

Avis categorically denies those assertions and maintains that its Operations Managers are properly classified as exempt from overtime under federal and applicable state law. The Parties agree that this Court made no rulings regarding the exempt status of Operations Managers.

The Parties engaged in a formal, arm's length mediation on September 16, 2025, conducted by mediator Michael Russell, but resolution was not reached at the mediation. Thereafter, the Parties continued to engage in settlement discussions and

ultimately reached the settlement embodied in this Settlement Agreement. On November 4, 2025, the Parties agreed in principle to settle on the terms in this Settlement Agreement and executed a Term Sheet with an execution date of January 7, 2026, memorializing those terms.

## II.    AGREEMENT

A.    **Settlement**. The Parties agree this Litigation and any claims, damages, or causes of action which are the subject of the Litigation, or which could have been alleged in the Litigation, be settled subject to court approval and under the terms set forth in this Settlement Agreement. This Settlement Agreement reflects a compromise of disputed claims. Nothing in this Settlement Agreement shall be deemed or used as evidence of, or as an admission of, liability by Defendant or any of the Released Persons, or of any fault or wrongdoing whatsoever, or as evidence that, or as an admission that, this Litigation could have proceeded as a class action under Rule 23 of the Federal Rules of Civil Procedure or a collective action under the FLSA for any purpose other than settlement.

B.    **Definitions.**

1.    "**Bar Date**" means 45 days from the Settlement Administrator's initial mailing of Notice Packets.

2.    "**Class Counsel**" or "**Plaintiffs' Counsel**" means Shavitz Law Group, P.A., Outten & Golden LLP, and Green Savits, LLC.

3.    "**Defendant's Counsel**" means Littler Mendelson, P.C.

4.    "**Dismissal and Approval Order**" means an order from the United States District Court for the District of New Jersey dismissing the Litigation with prejudice as per this Settlement Agreement. A proposed Dismissal and Approval Order to be filed with Plaintiffs' unopposed motion for approval of the settlement is attached to this Settlement Agreement as Exhibit 1.

5.    "**Maximum Gross Settlement Amount**" means $1,795,000, inclusive of (1) the attorneys' fees, costs, and expenses of Class Counsel; (2) all fees, costs, and expenses associated with a mutually agreed upon Settlement Administrator to administer the settlement; (3) all employee-paid payroll taxes and employer-paid payroll taxes including FUTA and the employer's share of FICA and state unemployment, as required by law regarding settlement payments to Participating Settlement Collective Members; and (4) general release awards to the Named Plaintiffs.

6.    "**Net Settlement Fund**" means the Maximum Gross Settlement Amount minus (1) the attorneys' fees, costs, and expenses of Class Counsel; (2) all fees, costs, and expenses associated with a mutually agreed upon Settlement Administrator to administer the settlement; (3) all employee-paid payroll taxes and employer-paid payroll taxes including FUTA and the employer's share of FICA and state unemployment, as required by law regarding settlement payments to

Participating Settlement Collective Members; and (4) general release awards to the Named Plaintiffs.

7.    "**Notice Packet**" means a Settlement Notice and a Claim Form and Release, each of which is attached to this Settlement Agreement as Exhibit 2, along with a postage-paid return envelope.

8.    "**Party Plaintiffs**" means the Named Plaintiffs (Feyzullah Kaynaroglu and Ciara Rodriguez), those who filed consents to join the Litigation prior to the date the Term Sheet was fully executed (January 7, 2026) (Alesha Taylor, Taylor Stevens, Marc Stein, Miguel Sanchez, James Pauliks, Keith Evans, Geneyvah Brooks, Tim Breninger, Andrew North, Niya Lloyd, Luis Hiciano, Kenneth Brochowicz, and Anthony Ramirez) (the "Opt-In Plaintiffs"), and Kehinde Olatunji.

9.    "**Payout Calculation**" means the total amount to be paid to all Participating Settlement Collective Members under the formula set forth in § II.D.3.

10.    "**Putative Settlement Collective Member**" means any individual who worked for Avis as Operations Manager in any Avis Budget Car Rental, LLC location in the United States or Puerto Rico from December 15, 2022, through the date this Settlement Agreement is fully executed.

11.    "**Participating Settlement Collective Member**" means any Putative Settlement Collective Member who timely returns a Claim Form and Release in compliance with the opt-in procedures set forth in this Settlement

Agreement. Named Plaintiffs and Party Plaintiffs need not return a Claim Form and Release to participate in this settlement and are considered Participating Settlement Collective Members.

12.     "**Released Claims**" means all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, relating to the allegations that the Putative Settlement Collective Members were not properly compensated for all hours worked during their employment as exempt-classified Operations Managers regardless of whether such claims arise under the FLSA, 29 U.S.C. § 201, *et seq.,* or any other federal, state, and/or local law, statute, ordinance, regulation, or common law, through and including the date of the Court's entry of the Dismissal and Approval Order. The above defined scope of claims released by each Participating Settlement Collective Member includes claims for unpaid wages, liquidated damages, interest, hours worked, minimum wages, overtime, miscalculated wages, improper deduction(s), late payment of wages, premium pay, commissions, bonuses, improper rounding of time records, wage statement deficiencies, breach of contract, implied contract, quantum meruit/unjust enrichment, promissory estoppel, equitable estoppel, fraud, negligent misrepresentation, conversion, failure to keep accurate and complete payroll records, and any other claims or relief of any kind under tort, contract, quasi-contract, injunctive relief theories or claims, any claims related to 401(k) or pension

plans, or pursuant to or derived from the Employee Retirement Income Security Act ("ERISA"), 29 US.C. § 1001, *et seq.*, to the extent such ERISA claims are premised on an alleged failure to credit any pension plan, health plan or other employer-sponsored benefit plan account and/or benefits based upon and within the above defined scope of claims release. Such Released Claims also include claims under the New York Labor Law and the New Jersey Wage and Hour Law for those Releasing Persons who worked for Defendant in New York and/or New Jersey. Releasing Persons shall also release claims against Released Persons for attorneys' fees and expenses related to this Litigation, beyond those provided for or contemplated as part of this settlement. Notwithstanding the foregoing, nothing in this Settlement Agreement releases any claims that cannot be released as a matter of law.

13. "**Released Persons**" means Avis Budget Car Rental, LLC, Avis Budget Group, Inc., and each of its and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by Avis, divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Litigation and any

Page **8** of **32**

individual or entity which could be jointly liable with Avis and any other persons or entities acting on its behalf, including any party that was or could have been named as a defendant in this Litigation.

14.    "**Releasing Persons**" means Named Plaintiffs, Party Plaintiffs, and every Participating Settlement Collective Member, and their respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns.

15.    "**Settlement Administrator**" means a third-party administrator mutually selected by Plaintiffs' Counsel and Defendant's Counsel and appointed by the Court.

16.    "**Statute of Limitations Period**" means: (a) for Party Plaintiffs with New York claims, June 7, 2018 through the date of the Dismissal and Approval Order referred to in § II.D.1, below; (b) for Party Plaintiffs with New Jersey claims, August 6, 2019 through the date of the Dismissal and Approval Order referred to in § II.D.1, below; (c) for all Participating Settlement Collective Members without New York or New Jersey claims, the three-year period before the date of the Dismissal and Approval Order referred to in § II.D.1, below; (d) for all Participating Settlement Collective Members with New York or New Jersey claims, the six-year period before the date of the Dismissal and Approval Order referred to in § II.D.1, below;

and (e) for all Participating Settlement Collective Members with California claims, the four-year period before the date of the Dismissal and Approval Order referred to in § II.D.1, below.

C. **Settlement Administrator's Duties.** The settlement will be administered by the Settlement Administrator. The duties of the Settlement Administrator will include, but are not limited to, (i) compiling and sending via U.S. Mail to each Putative Settlement Collective Member a Notice Packet, consisting of a Settlement Notice, a Claim Form and Release, and a postage-paid return envelope; (ii) confirming the accuracy of the addresses of the Putative Settlement Collective Members through the United States Post Office's National Change of Address database before mailing; (iii) performing one skip trace on Notice Packets returned as undeliverable; (iv) re-mailing Notice Packets one time only by First Class Mail if the Notice Packet was returned undeliverable and a new address is located or upon a Putative Settlement Collective Member's request; (v) sending deficiency letters as needed; (vi) maintaining an email address Putative Collective Members can use to make inquiries and provide address updates; and (vii) the allocation duties described below. Plaintiffs' Counsel and Defendant's Counsel may review and approve any documents contemplated by the Settlement Agreement before mailing. The Settlement Administrator may mail no documents without first receiving written approval to do so from Plaintiffs' Counsel and Defendant's Counsel. The Settlement

Administrator must have in place an effective information and data security program capable of protecting the personal information of the Putative Settlement Collective Members. In addition, the Settlement Administrator must contractually obligate itself to maintain reasonable physical, administrative, and technical controls to protect such information and must sign appropriate data sharing confidentiality documents in order for Defendant to provide required information to administer the settlement, including Defendant's Data Processing Agreement. Plaintiffs' Counsel or Defendant's Counsel may object to the selection of a Settlement Administrator that does not pass the assessment process or that will not agree to reasonable contractual commitments regarding the security of Putative Settlement Collective Members' information.

D.    **Settlement Administration.** The Parties agree to the following procedure for Settlement Administration:

1.    **Judicial Approval Of Settlement Agreement**. The Parties shall seek Court approval of this Settlement Agreement as follows:

a.    Named Plaintiffs will file with the Court, as soon as possible, but no later than fourteen (14) days following the date on which this Settlement Agreement is executed by all Parties, an unopposed motion for approval of the settlement, which shall request that the Court authorize the Notice of Settlement be issued to the Putative Settlement Collective Members and move the

Court for entry of the Dismissal and Approval Order as an Order of Court. The motion shall be prepared by Plaintiffs' Counsel and subject to the prior review and approval of Defense Counsel.

b. For the Parties to comply with the provisions of the Class Action Fairness Act of 2005 ("CAFA"), the Parties shall request that the Court not issue an order granting approval of the settlement earlier than 90 days after the service of the notices required by CAFA.

c. Further, either within the unopposed motion for approval of the settlement or a separate filing, Named Plaintiffs will petition the Court for an award of Class Counsel's Fees and Litigation Expenses in the amount of no more than $623,333.33, as set forth herein. Avis agrees not to unreasonably withhold its approval of such a petition or oppose it, so long as Named Plaintiffs provide Defendant's Counsel with an opportunity to review and approve their petition and all supporting materials before submitting such request and provided the amount of Class Counsel's Fees and Litigation Expenses sought does not exceed $623,333.33. Any award of Class Counsel's Fees and Litigation Expenses approved by the Court will be paid solely from the Maximum Gross Settlement Amount. In no event will Avis be required to pay more than the Maximum Gross Settlement Amount to resolve this matter.

d.      The Parties' agreement to settle Plaintiffs' claims in this Litigation, as set forth in this Settlement Agreement, is contingent upon the Court entering a Dismissal and Approval Order and, in the event an appeal of the Dismissal and Approval Order is filed, contingent upon the Dismissal and Approval Order being affirmed on appeal in a form substantially identical to the form of the Dismissal and Approval Order entered by the Court with respect to all material terms. Should the Court decline to approve all material aspects of this Settlement Agreement or make rulings substantially altering the material terms of this Settlement Agreement, Avis will have no obligation to make any payment pursuant to this Settlement Agreement, including payment of any portion of the Maximum Gross Settlement Amount.

2.      **Avis's Provision Of A Database To The Settlement Administrator.** Within thirty (30) days of judicial approval of the Settlement Agreement, so long as the Settlement Administrator has signed Defendant's standard data processing agreement to ensure protection of private information, Avis will provide the Settlement Administrator a database containing the following information, to the extent Avis can reasonably access that information: (a) the name, employee identification number, last known address, and telephone number of each Putative Settlement Collective Member; (b) the start date and end of employment date for each Putative Settlement Collective Member for the period such Putative

Settlement Collective Member worked as an Operations Manager for Avis; (c) the number of workweeks recorded by each Putative Settlement Collective Member for the period such Putative Settlement Collective Member worked as an Operations Manager for Avis during the Statute of Limitations Period applicable to each Putative Settlement Collective Member; and (d) any additional agreed-upon information necessary to perform Payout Calculations as provided in this Settlement Agreement. Class Counsel will not have access to this data.

3. **Allocation**. Within fourteen (14) days of receiving from Avis the database referred to in § II.D.2, the Settlement Administrator will allocate to each Putative Settlement Collective Member a share of the Net Settlement Fund proportionate to the number of workweeks each Putative Settlement Collective Member worked as an Operations Manager during the Statute of Limitations Period applicable to each Putative Settlement Collective Member. The workweek value for Putative Settlement Collective Members subject to arbitration agreements or who did not work for Defendant as an Operations Manager after December 15, 2023, shall equal one-half of the value of the workweeks of Putative Settlement Collective Members who are not subject to arbitration agreements and who worked for Avis as an Operations Manager after December 15, 2023. Within fourteen (14) days of receiving from Avis the database referred to in § II.D.2, the Settlement Administrator will also provide the settlement allocation for Putative Settlement

Collective Members and the calculation of the payroll tax to be deducted according to the allocation set forth in § II.F, to Class Counsel and Defendant's Counsel in an anonymized manner for review and approval prior to issuing notice to Putative Settlement Collective Members as set forth in § II.D.4.

4.    **Notice To Putative Settlement Collective Members**.   Within fourteen (14) days of receiving from Avis the database referred to in § II.D.2, the Settlement Administrator will (a) confirm the accuracy of the addresses of the Putative Settlement Collective Members through the United States Post Office's National Change of Address database or, (b) as necessary, ascertain the last known address or telephone number of a Putative Settlement Collective Member. Within thirty (30) days of receiving from Avis the database referred to in § II.D.2, the Settlement Administrator will compile and issue by U.S. Mail to each Putative Settlement Collective Member a Notice Packet. The Settlement Administrator will perform one skip trace on Putative Settlement Collective Members whose Notice Packets are returned as undeliverable and promptly re-mail Notice Packets one time only by First Class Mail upon identifying an updated address or upon a Putative Settlement Collective Member's request. There is to be no website for notice to Putative Settlement Collective Members.

5.    **Attorneys' Fees, Costs, And Expenses**. Class Counsel will receive one-third of the Maximum Gross Settlement Amount plus up to $25,000.00

for costs and expenses, representing attorneys' fees, costs and expenses, totaling no more than $623,333.33. Class Counsel agrees not to seek from Avis any additional attorneys' fees, costs, and expenses stemming from their involvement in the Litigation.

6.  **General Release Awards To Named Plaintiffs**. In return for services rendered to Putative Settlement Collective Members and in exchange for a general release of claims against the Released Persons, Named Plaintiffs will request that the Court approve a General Release Award of Eight Thousand Dollars and Zero Cents ($8,000.00) to each Named Plaintiff from the Maximum Gross Settlement Amount. The outcome of the Court's ruling on the application for a General Release Award will not terminate this Settlement Agreement or otherwise affect the Court's ruling on the unopposed motion for approval of the settlement. Any amount not approved by the Court will become part of the Net Settlement Amount. By operation of this Settlement Agreement and the Dismissal and Approval Order, and except as to such rights or claims as may be created by this Settlement Agreement or those nonwaivable by law, in exchange for their respective General Release Awards, Named Plaintiffs hereby irrevocably and unconditionally forever and fully release and covenant not to sue or otherwise pursue claims against Avis and all Released Persons from any and all charges, complaints, claims, liabilities, causes of action, damages and expenses (including attorneys' fees, costs actually incurred, and

Page **16** of **32**

liquidated damages), of any kind, whether known or unknown, which they now have, may have or claim to have, or which they at any prior time had or claimed to have against Avis or any of the Released Persons, arising out of Named Plaintiffs' employment with Avis occurring or accruing on or before the date they sign this Settlement Agreement ("General Release"). This General Release includes any claims arising from their employment and/or contractual relationship, or the termination of their employment and/or contractual relationship, with Avis and/or any of the Released Persons. This General Release includes, but is not limited to: claims arising under federal law; including claims under the Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act, the Family and Medical Leave Act, the Equal Pay Act, the ERISA, and the FLSA; claims arising under the laws of any state or local government; claims arising under common law, tort, policy or contract; claims for retaliation, defamation, libel, slander, invasion of privacy, or negligence; claims based on theories of strict liability or respondeat superior; claims for costs, interest, expenses, or attorney's fees; claims that were asserted or that could have been asserted in this Litigation; and any other claims of any kind, except as expressly excluded elsewhere in this Settlement Agreement.

a.   In exchange for the General Release Award, Named Plaintiffs further agree that (1) they will not appeal the Court's Dismissal and Approval Order approving the settlement; (2) they will agree to keep all non-public

terms of this settlement confidential and agree not to publicize this settlement in any manner, as set forth in § II.G.1. of this Settlement Agreement; and (3) they forever waive any and all claims or rights to re-employment or future employment with Avis Budget Car Rental, LLC, Avis Budget Group, Inc., and each of its and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, including any party that was or could have been named as a defendant in the Litigation and any entity which could be jointly liable with Avis and any other entities acting on its behalf, including any party that was or could have been named as a defendant in this Litigation. Named Plaintiffs specifically agree that they will not at any time seek, apply for, or accept employment with Avis Budget Car Rental, LLC, Avis Budget Group, Inc., and each of its and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, including any party that was or could have been named as a defendant in the Litigation and any entity which could be jointly liable with Avis and any other entities acting on its behalf, including any party that was or could have been named as a defendant in this Litigation, whether as an employee, independent contractor, temporary worker, and/or through a temporary or

staffing agency, and that any application for employment made by her may be rejected without any liability to Avis or any other Released Person.

b.      Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any of the Released Claims or any portion thereof or interest therein, including but not limited to, any interest in the Litigation, or any related action.

c.      Named Plaintiffs affirm that they have not filed any other currently pending charges, complaints, lawsuits claims or actions to pursue any Released Claims against Defendant or any of the Released Persons, except as expressly disclosed in this Settlement Agreement. In the event there is outstanding any such charge, complaint, lawsuit, claim or action, Named Plaintiffs agree to execute such papers or documents as Defendant's Counsel determines may be necessary to have it withdrawn and dismissed with prejudice. Named Plaintiffs affirm that they have not filed or been party to any claims for bankruptcy during the time period relevant to their claims in this litigation.

7.      **Bar Date.** To become a Participating Settlement Collective Member, each Putative Settlement Collective Member has no later than the Bar Date to cause the Settlement Administrator to receive a completed and signed Claim Form and Release. Within seven (7) business days of the Bar Date, the Settlement Administrator will provide Class Counsel and Defendant's Counsel with a list of the

Participating Settlement Collective Members. As soon as practicable following the Bar Date and the resolution of any deficient submissions, the Settlement Administrator will provide Class Counsel and Defendant's Counsel with copies of the completed and returned Claim Forms, a declaration of due diligence, and proof of mailing regarding the mailing the Notice Packets.

8.      **Updates**. Every seven (7) days after mailing the Notice Packet, the Settlement Administrator will provide an update to Class Counsel and Defendant's Counsel regarding the administration process and the number of Claim Forms received.

9.      **Payout Calculation**. Within fifteen (15) business days after the Bar Date, the Settlement Administrator will calculate the amount to be paid to each Participating Settlement Collective Member under the formula in § II.D.3. Within fifteen (15) business days of the Bar Date, the Settlement Administrator will provide the Payout Calculation and individual Participating Settlement Collective Member award amounts to Class Counsel and Defendant's Counsel for review and approval. No settlement check will be issued until final approval of the Payout Calculation is provided by Class Counsel and Defendant's Counsel, which they shall confirm or

object to within no more than five (5) business days following receipt of the Payout Calculation.

10.    **Funding**. Within ten (10) business days of the Dismissal and Approval Order's entry, Avis will fund (1) the attorneys' fees, costs and expenses of Class Counsel approved by the Court, (2) General Release Awards, and (3) the fees associated with the mutually agreed upon Settlement Administrator. The Settlement Administrator will hold these funds until the time for an appeal of the Dismissal and Approval Order has passed without an appeal, or the appellate process is exhausted and the Dismissal and Approval Order has been affirmed, whichever is applicable. Within five (5) business days of the later of these dates, the Settlement Administrator will issue all checks for General Release Awards and all checks to Class Counsel for attorneys' fees, costs, and expenses. Avis will fund the Payout Calculation and employer-paid payroll taxes within ten (10) business days after the later of the following two conditions have been met: (1) at least ten (10) business days have passed since Class Counsel and Defendant's Counsel confirmed the Payout Calculation; and (2) the time for an appeal of the Dismissal and Approval Order has passed without an appeal, or the appellate process is exhausted and the Dismissal and Approval Order has been affirmed, whichever is applicable.

11.    **Check Issuance To Participating Settlement Collective Members**. Within fifteen (15) business days after Avis funds the Payout

Calculation, the Settlement Administrator will mail all settlement checks to Participating Settlement Collective Members.

12.     **Claims-Made Mechanism**.  The settlement is a common fund, "claims made" settlement, meaning that the only settlement funds to be paid from the Net Settlement Fund are those based on the claims timely made by Participating Settlement Collective Members.  Under no condition will Avis's total liability, including any employer payroll related tax liability, and payments to Participating Settlement Collective Members or Class Counsel, exceed $1,795,000.00.  Any unclaimed portion of the Net Settlement Fund, including any settlement checks not negotiated within 120 days of mailing, will remain Avis's exclusive property.  The Settlement Administrator will provide Avis with a check equal to the value of those uncashed checks within one hundred and fifty (150) days of mailing the settlement checks.  Notwithstanding the above, this Settlement Agreement and the Dismissal and Approval Order bind all Participating Settlement Collective Members whether or not such Participating Settlement Collective Members cash, endorse, or deposit a settlement check. All Participating Settlement Collective Members shall be bound by the terms of this Settlement Agreement even if they fail to timely negotiate their checks. Released Persons will not be liable for checks cashed by persons other than the Participating Settlement Collective Members.

E.      **Release Of Participating Settlement Collective Members' Claims.**

Upon submission of a timely Claim Form and Release to the Settlement Administrator via mail or electronic mail to the Settlement Administrator and contingent upon Avis's funding of the total amount of the Payout Calculation as referenced in § II.D.9-10, each Participating Settlement Collective Member will be deemed to have released, waived, and discharged the Released Persons from their Released Claims as defined above. Each Releasing Person further covenants and agrees that, since each Releasing Person is settling disputed claims, a Releasing Person will not accept, recover, or receive any back pay, liquidated damages, other damages, or any other form of relief based on any Released Claims settled in this litigation, or in connection with any other individual, class, collective, representative, administrative, or arbitral proceeding pursued by any individual, class, union, or federal, state or local governmental agency against Released Persons. Releasing Persons further acknowledge and agree that they are enjoined from pursuing any Released Claims settled as part of this settlement and will not file, cause to be filed, or affirmatively join or opt in, as a collective member, beneficiary or other participant in any lawsuit or any other claim released under the Released Claims and, if involuntarily joined in any lawsuit against Released Persons regarding claims released under the Released Claims, Releasing Persons agree to waive their rights to any recovery that may result from such lawsuit or proceeding, and not to

pursue claims on their own behalf. Notwithstanding the foregoing, nothing prevents or limits Participating Settlement Collective Members from filing a charge or participating in an investigative proceeding of the Equal Employment Opportunity Commission or other governmental agency.

1.   The release of Participating Settlement Collective Members from California includes a waiver of all rights and benefits afforded by California Civil Code § 1542, which provides that "[a] general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Further, Participating Settlement Collective Members from California release any claim under the California Labor Code, including but not limited to (1) claims for failure to pay wages, whether base rate, minimum wage, overtime compensation, for all hours worked (Labor Code sections 510, 558, and 1198); (2) rest period premiums (Labor Code section 226.7 and Wage Order 5) (3) waiting time penalties (violations of Labor Code sections 201-203); (4) wage statement violations (Labor Code section 226); (5) unfair business practices; (6) claims for expense reimbursement (Labor Code section 2802); and (7) interest.

2.   Notwithstanding the provisions of this Settlement Agreement, including § II.B.12, § II.D.6, and § II.E., Named Plaintiffs and the Participating

Page **24** of **32**

Settlement Collective Members do not release or waive: (i) any claim that they could make for unemployment compensation or workers' compensation benefits; (ii) any rights or claims that cannot be released as a matter of law pursuant to this Settlement Agreement and/or the Dismissal and Approval Order; and/or (iii) their right to file an administrative charge with the National Labor Relations Board, Equal Employment Opportunity Commission or similar state agency (although they do waive their right to receive any monetary damages or other relief not explicitly provided for herein as a result of any such charge, to the extent the charge pertains to a Released Claim).

F.      **Taxes.** The General Release Awards issued to each Named Plaintiff will be treated as wages to be reported on an IRS Form W-2.  The settlement checks to each Participating Settlement Collective Member's payment will be treated 50% as wages and 50% as non-wages representing liquidated damages. The wage portion will be paid inclusive of all employee withholding taxes, including federal, state, and local income tax, FICA taxes, and federal and state unemployment taxes. All taxes withheld and paid by the Settlement Administrator will be reported by the Settlement Administrator to the appropriate taxing authorities under the payee's name and social security number. The Settlement Administrator shall be responsible for ensuring that each Participating Settlement Collective Member will receive an IRS Form W-2 and IRS Form 1099. The attorneys' fees, costs, and expenses will be paid

without withholding and will be reported to the IRS on an IRS Form 1099 to Class Counsel. All Participating Settlement Collective Members are obligated to pay their respective share of any taxes, local, state or federal, which may become due and owing on the monies received under this Settlement Agreement. In this regard, each Participating Settlement Collective Member agrees to hold the Released Persons harmless for any taxes, interest or penalties deemed by the government to be owed by them in relation to their settlement payment.

G.    **Media And Confidentiality Obligations.** The Parties agree that, before the Court enters the Dismissal and Approval Order, no public comment, communications to media, or any form of advertising or public announcement (including social media) regarding the case shall be made by any Named Plaintiff, Opt-In Plaintiff, or Class Counsel at any time. During the claims period, after the Dismissal and Approval Order has been entered, Named Plaintiffs, Opt-In Plaintiffs, and Class Counsel agree not to affirmatively solicit or contact Putative Settlement Collective Members outside of the Court-approved notice issued in this case. However, this shall not preclude Class Counsel from answering questions regarding the settlement or otherwise assisting individuals who contact Class Counsel regarding the settlement, nor shall it in any way limit Class Counsel from advising or assisting individuals after they have submitted a claim/consent form agreeing to participate in this settlement and be represented by Class Counsel in connection with

Page **26** of **32**

it. Class Counsel will not, at any time, issue a press release or otherwise notify the media about the Settlement Agreement or advertise or make any public statements regarding the terms of the Settlement Agreement through written, recorded or electronic communications. To the extent that Class Counsel is contacted by the media about this Settlement Agreement, they shall be permitted to respond to such inquiries by stating words to the effect of, "We and our clients are pleased that the matter has resolved." In addition, to the extent that Class Counsel identify the settlement on their website(s) or in any marketing material at any time (before, during, or after the claims period), they shall identify neither Avis nor any Released Persons by name. Notwithstanding the foregoing, Avis and its counsel will not be precluded from making any disclosures required by law or in connection with an SEC filing. Nothing in this provision shall prevent Participating Settlement Collective Members from disclosing the Settlement Agreement to their immediate family members or legal or financial advisors. Nothing in this provision shall prevent the Parties from filing this Settlement Agreement or related pleadings seeking its approval with the Court, or in any other legal proceeding.

1.     Except to the limited extent necessary to secure entry of the Dismissal and Approval Order as an Order of the Court, Named Plaintiffs agree not to disclose any confidential details of the settlement or anything about the negotiations leading up to this Settlement Agreement to anyone except their

immediate family members, their attorneys or tax advisors, or anyone to whom they are required by court order to disclose such information.

H.      **Service Of Notice.** Whenever, under this Settlement Agreement, a person must provide service or written notice to Class Counsel, Avis, or Defendant's Counsel, such service or notice will be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other Parties in writing.

1.      As to Class Counsel: Gregg I. Shavitz, Shavitz Law Group, 622 Banyan Trail, Suite 200, Boca Raton, FL 33431 and Justin Swartz, Outten & Golden LLP, 685 Third Ave, 25th Floor, New York, NY 10017.

2.      As to Avis and to Defendant's Counsel: William J. Anthony, Littler Mendelson, P.C., 900 Third Avenue, New York, NY 10022.

I.      **Severability.** If any portion of this Settlement Agreement is held legally invalid or unenforceable, such event will not render invalid or unenforceable any other portion of this Settlement Agreement, and the remainder of this Settlement Agreement will be read as though the invalid or unenforceable portion were omitted; provided, however, that such reading will not materially frustrate the intent of the Parties as evidenced in this Settlement Agreement.

J.      **Continuing Jurisdiction.** The Court that approves the Settlement Agreement will retain continuing and exclusive jurisdiction over the Parties to this

Settlement Agreement, and all Participating Settlement Collective Members, for the administration and enforcement of this Settlement Agreement.

K.    **Cooperation Clause.** The Parties agree to cooperate fully with each other to accomplish the terms of the Settlement Agreement, including, but not limited to, execution of documents and taking such actions as may be reasonably necessary to implement the terms of the Settlement Agreement. The Parties agree to use reasonable efforts, including all efforts contemplated by this Settlement Agreement and any other reasonable efforts that may become necessary by order of the Court, or otherwise, to affect the Settlement Agreement and the terms set forth herein. Named Plaintiffs will, with the assistance and cooperation of Avis and Defendant's counsel, take reasonable steps to secure the Court's approval of the Settlement Agreement.

L.    **Choice of Law.** The enforcement of this Settlement Agreement will be governed and interpreted by and under the laws of New Jersey, whether or not any Party is or may hereafter be a citizen or resident of, or may have been employed by Avis in, another state.

M.    **Amendments/Modifications/Extensions Of Time.** This Settlement Agreement constitutes the entire agreement of the Parties concerning the subjects contained herein. This Settlement Agreement may not be changed or altered except in writing signed by or on behalf of all Parties and upon approval by the Court,

except that the Parties, acting through counsel, may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement. No waiver, modification or amendment of this Settlement Agreement will be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement will not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such Party, notwithstanding such failure, will have the right thereafter to insist upon the specific performance of any of the provisions of this Settlement Agreement.

N.    **Binding Agreement.** This Settlement Agreement will be binding upon, and inure to the benefit of, the Parties and their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, predecessors, and assigns.

O.    **Captions.** The captions or headings of the paragraphs of this Settlement Agreement are for convenience of reference only and will not affect the construction or interpretation of any part of this Settlement Agreement.

P.    **Execution of Agreement.** This Settlement Agreement will become effective upon its execution subject to subsequent Court approval. The Parties or authorized signatories may execute this Settlement Agreement in counterparts, and execution in counterparts will have the same force and effect as if the Parties had

signed the same instrument. Any signature made and transmitted by facsimile, or other electronic means, for the purpose of executing this Settlement Agreement will be deemed an original signature for purposes of this Settlement Agreement and will be binding upon the Party whose counsel transmits the signature page by facsimile, or other electronic means. Each counsel or other person executing this Settlement Agreement or any of its exhibits on behalf of any Party warrants that such person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory warrants and promises for the benefit of all Parties hereto that such person has been duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:

Dated: 03/21/2026

*Feyzullah Kaynaroglu*

Named Plaintiff Feyzullah Kaynaroglu

Dated: _____

_____
Named Plaintiff Ciara Rodriguez

Dated: __3/23/2026_____

*Michael Palitz*

Plaintiffs' Counsel, Shavitz Law Group, P.A. (as to Paragraph II.G. Media and Confidentiality Obligations)

Dated: __3/24/2026_____

_____
Plaintiffs' Counsel, Outten & Golden LLP (as to Paragraph II.G. Media and Confidentiality Obligations)

Dated: _____

*Glen Savits*

Plaintiffs' Counsel, Green Savits, LLC (as to Paragraph II.G. Media and Confidentiality Obligations)

Dated: 5/6/2026

_____
For Avis Budget Car Rental, LLC

IN WITNESS WHEREOF, and intending to be legally bound, the Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:

Dated: _____          _____
                                  Named Plaintiff Feyzullah Kaynaroglu

Dated: 03/23/2026                 *Ciara Rodriguez*
                                  _____
                                  Named Plaintiff Ciara Rodriguez

Dated: _____          _____
                                  Plaintiffs' Counsel, Shavitz Law Group,
                                  P.A. (as to Paragraph II.G. Media and
                                  Confidentiality Obligations)

Dated: _____          _____
                                  Plaintiffs' Counsel, Outten & Golden LLP
                                  (as to Paragraph II.G. Media and
                                  Confidentiality Obligations)

Dated: _____          _____
                                  Plaintiffs' Counsel, Green Savits, LLC (as
                                  to Paragraph II.G. Media and
                                  Confidentiality Obligations)

Dated: _____          _____
                                  For Avis Budget Car Rental, LLC

# EXHIBIT 1

## EXHIBIT 1: DISMISSAL AND APPROVAL ORDER

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEYZULLAH KAYNAROGLU and CIARA RODRIGUEZ, on behalf of themselves and all other similarly situated employees,<br><br>    Plaintiffs,<br><br>  v.<br><br>AVIS BUDGET CAR RENTAL, LLC,<br><br>    Defendant. | |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSING THE ACTION WITH PREJUDICE

Before the Court is Named Plaintiffs Feyzullah Kaynaroglu and Ciara Rodriguez's Unopposed Motion for Approval of the Settlement to Dismiss the Action with Prejudice ("Motion for Settlement Approval") and the pertinent materials filed with that Motion. The Unopposed Motion for Settlement Approval seeks an Order (1) granting final approval to the settlement of claims as set forth in the Settlement Agreement between the parties in the above-captioned matter; (2) granting approval of payment to the Settlement Administrator; and (3) dismissing the Litigation with prejudice in accordance with the terms of the Settlement Agreement. Also before the Court is Named Plaintiffs' Unopposed Motion for an

Order approving Named Plaintiffs' application for attorneys' fees, expenses, and costs and approving Named Plaintiffs' application for General Release Awards as provided for in the Settlement Agreement. For good cause shown, as detailed below, the Motions are GRANTED. The Court ORDERS as follows:

1.      The Settlement Agreement[1] is APPROVED in its entirety.

2.      The Court grants final approval of the Settlement Agreement and finds that it is a reasonable compromise of a *bona fide* dispute between the Named Plaintiffs, Putative Settlement Collective Members, and Avis, reached by the Parties after mediation and intensive arms-length negotiations with the assistance of experienced counsel.

3.      The Settlement Agreement is binding on the Parties to it and on all Participating Settlement Collective Members in accordance with the terms of the Settlement Agreement.

4.      The Court approves the amounts of the settlement, the claims released by Participating Settlement Collective Members, the award of attorneys' fees, expenses, and costs, and the General Release Awards to be paid to Named Plaintiffs Kaynaroglu and Rodriguez, as set forth in the Settlement Agreement.

5.      The Court approves and appoints XX to serve as the Settlement

---

[1] All terms used in this Order have the same meaning as in the Settlement Agreement between the Parties that was attached to the Named Plaintiffs' Motion.

Administrator in accordance with the terms of the Settlement Agreement and this Order, so long as the Settlement Administrator has signed Defendant's standard data processing agreement to ensure protection of private information.

6.    The Parties shall administer the settlement as set forth in the Settlement Agreement.

7.    The Notice Packet attached as Exhibit 2 to the Settlement Agreement is approved. The Court orders that the Settlement Administrator send the Notice Packet as set forth in the Settlement Agreement to the Putative Settlement Collective Members. The deadline for the submission of timely and valid Claim Forms and Releases (the "Bar Date") is 45 days from the date on which the Settlement Administrator first mails the Notice Packets to the Putative Settlement Collective Members.

8.    All Participating Settlement Collective Members shall be enjoined from pursuing any Released Claims settled as part of this settlement and will not file, cause to be filed, or affirmatively join or opt in, as a collective member, beneficiary or other participant in any lawsuit or any other claim released under the Released Claims and, if involuntarily joined in any lawsuit against Released Persons regarding claims released under the Released Claims, agree to waive their rights to any recovery that may result from such lawsuit or proceeding, and not to pursue claims on their own behalf.

9.      To ensure compliance with the Class Action Fairness Act of 2005 ("CAFA"), irrespective of the date of the Court's signature below or the date this Order is entered on docket, this Order shall be deemed to be issued no earlier than [insert date that is at least 90 days after the filing of the Motion for Settlement Approval and Avis's mailing of the notices requested under CAFA] which is 90 days after the filing of the Motion for Settlement Approval and Avis's mailing of the notices required under CAFA to the appropriate governmental officials.

10.      This Order and the Settlement Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

11.      The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

12.      Neither the Settlement Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting, or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

13.      This Litigation is DISMISSED WITH PREJUDICE in its entirety, and

the Court hereby enters final JUDGMENT in this case.

14.    Without affecting the finality of this Order in any way, this Court retains jurisdiction over the Parties to this action and the Settlement Administrator for the purpose of administration and enforcement of the Settlement until the conclusion of the settlement administration process.

15.    The case is hereby closed.


SO ORDERED, this the _____ day of _____, 2026.


_____
Brian R. Martinotti
United States District Judge

# EXHIBIT 2

**EXHIBIT 2: NOTICE PACKET**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FEYZULLAH KAYNAROGLU and CIARA RODRIGUEZ, on behalf of themselves and all other similarly situated employees, <br><br>           Plaintiffs, <br><br>     v. <br><br> AVIS BUDGET CAR RENTAL, LLC, <br><br>           Defendant. | |

**NOTICE OF FAIR LABOR STANDARDS ACT COLLECTIVE ACTION
SETTLEMENT INVOLVING AVIS BUDGET CAR RENTAL, LLC OPERATIONS
MANAGERS**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

TO:   [Collective Member Name]
      Id Number: [     ]
      [Address]
      [Address]

                                  YOUR ESTIMATED SETTLEMENT
                                      ALLOCATION: $[_____]_____

**PLEASE READ THIS NOTICE CAREFULLY.**

- A settlement has been reached to resolve a lawsuit on behalf of certain current or former Operations Managers employed by Avis Budget Car Rental, LLC ("Avis" or "Defendant"). As explained further below, you are eligible for a settlement check of approximately $**[AMOUNT]** (less applicable taxes) from the settlement.

- You may participate in the Settlement by submitting the enclosed Claim Form and Release by [**insert Bar Date - 45 days from mailing**].

- If you participate in the Settlement, you will receive a settlement payment, which is based on your proportionate share of the number of workweeks you worked

as an Operations Manager during the relevant time period, as set forth in the Settlement Agreement at § II.D.3. Half of your payment will be subject to deductions for payroll taxes and other legally required withholdings. The other half of your payment will be treated as non-wage income.

- You may choose not to participate in the Settlement, in which case you will receive no money and give up no rights, as set forth in greater detail below.

As part of the Settlement, Avis will pay Class Counsel 33% of the settlement amount for attorneys' fees, plus their out-of-pocket costs and expenses, which has been approved by the Court.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SEND IN THE CLAIM FORM AND RELEASE.** | **Receive a settlement payment. Give up certain claims.** By completing the Claim Form and Release and sending it to the Settlement Administrator by no later than [insert Bar Date], you will receive a check of approximately **$[AMOUNT]** (less applicable taxes) AND be bound by the Dismissal and Approval Order entered by the Court. You will also give up the right to sue Avis for claims arising from the same facts alleged in the Litigation. That means you cannot sue, continue to sue, or be a party to any other lawsuit against Avis or any Released Person for the wage and hour claims that were brought in this lawsuit. Specifically, you are releasing claims relating to the allegations that the you were not properly compensated for all hours worked during your employment as an exempt-classified Operations Manager for Avis, regardless of whether such claims arise under the FLSA, 29 U.S.C. § 201, *et seq.,* or any other federal, state, and/or local law, statute, ordinance, regulation, or common law, for work you performed through and including [insert the date of the Court's entry of the Dismissal and Approval Order]. |
| **DO NOTHING.** | **You do not give up any rights; however, you will not receive a settlement check.** If you do nothing and do not send back your Claim Form and Release, you will not be bound by the Judgment as entered by the Court in this case. You will not give up the right to sue Avis for claims arising from the same facts alleged in the Litigation if you file such a claim within the applicable statute of limitations. However, you will not get any money or benefits from the Litigation. |

- This Notice describes important terms of the Settlement Agreement and Release of Claims ("Settlement Agreement"), but it does not set forth every term of that Settlement Agreement or modify that Settlement Agreement.

## BASIC INFORMATION

**What this lawsuit and who is involved?**

In this Litigation, former Operations Managers allege they were misclassified as exempt employees and are owed overtime. On June 7, 2024, they filed a complaint alleging they often worked over 40 hours a week, were not paid overtime, and primarily performed non-managerial duties. On that basis, the Named Plaintiffs sought overtime compensation under federal wage law over a three-year period, liquidated damages, and attorneys' fees.

Avis denies that it violated the law and contends that it properly classifies Operations Managers as exempt employees. Nonetheless, Avis agreed to the settlement agreement to avoid the expenses and disruption of business due to the pendency and expense of litigation, and to put the claims asserted in the lawsuit to rest.

**Why did I get this notice?**

You are receiving this Notice because Avis's records indicate you worked as an Operations Manager between December 15, 2022 and [insert date Settlement Agreement is fully executed]. Because you may be a member of the Settlement, your legal rights may be affected. You should read this Notice carefully.

You must decide whether to opt-in to this Settlement and receive a settlement payment from the Litigation.

**How do I receive a settlement payment?**

You must complete and return the Claim Form and Release to the Settlement Administrator according to the directions on the Claim Form and Release. Your payment will be sent to you directly at the address which you provide on the Claim Form and Release. You will have 120 days from the date of payment to cash the check. It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your payment. If the address to which this Notice was sent is no longer your address, you should immediately advise the Settlement Administrator, [NAME], at the address below and on the Claim Form and Release.

**To be eligible to receive a settlement payment, you must complete and return the Claim Form and Release to the Settlement Administrator by [insert Bar Date]** (post-marked by the United States Postal Service or other equivalent carrier).

You can also submit a Claim Form and Release to the Settlement Administrator via e-mail to [insert e-mail address] by [**insert Bar Date**].

If you do not return or complete online a fully executed Consent to Join Form by [insert Bar Date], you will not participate in the settlement, and you will not be bound by the settlement agreement, including the release of claims described in this Notice.

| |
|---|
| **What happens if I do nothing at all?** |

If you do nothing and do not send back your Claim Form and Release, you do not give up any rights, but you will not receive a settlement payment.

| |
|---|
| **Who are the attorneys who represent the Named Plaintiffs?** |

The law firms of Shavitz Law Group, P.A., Outten & Golden LLP, and Green Savits, LLC represent the Named Plaintiffs and have negotiated the settlement terms. As part of the Settlement, these firms will be paid 33% of the Settlement to compensate them for their attorneys' fees, plus their out-of-pocket costs and expenses for litigating and settling the Litigation. You will not have to pay the attorneys any of their fees, costs or expenses out-of-pocket.

Information about the firms and their contact information is available by calling [insert phone number(s)], emailing [xxx@outtengolden.com] or on the firms' websites: https://www.outtengolden.com and https://shavitzlaw.com.

| |
|---|
| **Can I get more information about the Settlement?** |

If you would like more information about the Settlement, you may contact Plaintiffs' Counsel at the numbers above or the Settlement Administrator, [NAME], at [phone number/email address/street address].

**PLEASE DO NOT CONTACT THE COURT DIRECTLY ABOUT THIS NOTICE.**

*Feyzullah Kaynaroglu, et al. v. Avis Budget Car Rental, LLC*
**Civil Action No. 2:24-cv-06828**

## CLAIM FORM AND RELEASE

[FIRST PAGE OF CONSENT TO JOIN FORM WILL INCLUDE THE FOLLOWING INFORMATION FROM THE SETTLEMENT ADMINISTRATOR: NAME, ADDRESS, AND AMOUNT OF SETTLEMENT PAYMENT. PAGE TO BE FORMATTED BY SETTLEMENT ADMINISTRATOR AND WILL INCLUDE OPPORTUNITY FOR RECIPIENT TO CORRECT NAME AND ADDRESS]

By completing and signing this Claim Form and Release, I verify and affirm the following:

1.      I understand that a lawsuit entitled *Feyzullah Kaynaroglu, et al. v. Avis Budget Car Rental, LLC*, Case No. 2:24-cv-06828, was brought in the United States District Court for the District of New Jersey by former Operations Managers alleging that Avis Budget Car Rental, LLC ("Avis") misclassified them as exempt employees and owes overtime to Operations Managers.

2.      I understand that Avis denies that it violated the law and contends that it properly classifies Operations Managers as exempt employees.

3.      I was employed by Avis as an exempt-classified Operations Manager between December 15, 2022 and [insert date Settlement Agreement is fully executed].

4.      I hereby consent to join the lawsuit as a party plaintiff and agree to participate in the settlement agreement entered in the lawsuit and approved by the Court on [insert date of Dismissal and Approval Order].

5.      I hereby designate the Named Plaintiffs (Feyzullah Kaynaroglu and Ciara Rodriguez) and Plaintiffs' Counsel (Shavitz Law Group, P.A., Outten & Golden LLP, and Green Savits, LLC) to represent me in the lawsuit and to make decisions on my behalf with respect to the settlement.

6.      I release and discharge Avis Budget Car Rental, LLC, Avis Budget Group, Inc., and each of their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by Avis, divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Litigation and any individual or entity which could be jointly liable with Avis and any other persons or entities acting on its behalf, including any party that was or could have been named as a defendant

in this Litigation (the "Released Persons") from any and all claims, demands, and causes of action of any kind that: (a) were asserted in the Litigation; (b) relate to the alleged failure to pay for all hours worked as an Operations Manager as a result of the classification of the Operations Manager position; (c) could have been asserted in the Litigation based on the facts alleged therein; (d) arise under any federal, state or local law governing the payment of regular or overtime wages (including but not limited to the FLSA, and the law of any other state or locality where they worked for Avis); and/or (e) are derived from any of the foregoing, including claims for penalties, liquidated damages, interest, attorneys' fees, costs, or expenses.

_____          _____
Signature                                Date

_____          _____
Print Name                               Address

_____          _____
Telephone Number                         City / State / Zip Code

**RETURN SIGNED CLAIM FORM AND RELEASE TO [INSERT SETTLEMENT ADMINISTRATOR CONTACT INFORMATION] FOR RECEIPT BY THE SETTLEMENT ADMINISTRATOR BY NO LATER THAN [BAR DATE]**